# IN THE OREGON TAX COURT

DAVIS et al

*v.*

DEPARTMENT OF REVENUE

(TC 2028)

SAHLI et al

*v.*

DEPARTMENT OF REVENUE

(TC 2029)

Laurence L. Janke, Janke, Kelley, Petersen & Sullivan, Portland, represented plaintiffs.

Elizabeth S. Stockdale, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiffs rendered August 9, 1984.

### SAMUEL B. STEWART, Judge.

The issue to be resolved concerns the denial of income tax refunds for the tax year 1978. The parties have stipulated to the consolidation of the above-mentioned cases and to submission of the cases on stipulation and briefs. A decision in one case will be controlling in the other.

Plaintiffs, Mr. and Mrs. Davis, were granted an extension of time for filing their 1978 federal tax return until June 15, 1979. The plaintiffs filed their 1978 Oregon personal income tax return on May 29, 1981, claiming a refund of $981 which the defendant denied because the return was filed more than two years after the due date.

The plaintiffs in the consolidated case, Mr. and Mrs. Sahli, filed their 1978 Oregon income tax return on July 8, 1981, after having received a filing extension from the Internal Revenue Service extending the date to September 15, 1979. The defendant denied the Sahlis' claim for a refund on the same ground as the above.

ORS 316.192(1) states: "No refund shall be made to an employe who fails to file such return within two years after the due date of the return * * *."

ORS 314.385(1) requires that returns shall be filed "on or before the 15th day of the fourth month after the expiration of the tax year, * * *."

The defendant alleges that the plaintiffs' 1978 returns were due on or before April 15, 1979, and that plaintiffs' filing of their 1978 returns on May 29, 1981, and July 8, 1981, respectively, was more than two years after the "due date" of the returns. The plaintiffs contend that the federal extension granting them until June 15, 1979, and September 15, 1979, respectively, to file their 1978 federal income tax returns established the "due date" for Oregon's filing also. Therefore, they allege that they were within the two-year limitation period when their 1978 returns were filed on May 29, 1981, and on July 8, 1981, respectively.

The defendant concedes that the phrase "due date of

the return" is not defined in ORS 316.192, the statute limiting the time for refund of excess income tax withholding. (Defendant's Brief at 5.) However, the defendant contends that ORS 314.415(1)(c) should be read *in pari materia* with ORS 316.192 because both statutes address refunds to employes of excess withholding.

ORS 314.415(1)(c) states: "No interest on a refund to an employe * * * shall be paid * * * for any period prior to the day which is four months after the date when the employe's annual return for that year was filed or was due, whichever is the later."

The defendant alleged that this statute distinguishes between the due date of a return and the filing date. This does not appear to dispose of the problem, however. ORS 314.407, establishing the time of assessment of income taxes, uses the term "due date of the return" in subsection (1) and in subsection (2)(c) and qualifies it as follows: "[T]he due date of the return (determined with regard to any extension of time granted for the filing of the return) or the date the return is filed, whichever is later."

Therefore, a distinction between "due date" and "filing date" is possible without determining if "due date" is April 15 or that date for which an extension of time has been granted.

The legislative policy, directing the adoption of the Personal Income Tax Act of 1969, is found in ORS 316.007 and states: "It is the intent of the Legislative Assembly, by the adoption of this chapter, in so far as possible, to make the Oregon personal income tax law identical in effect to the provisions of the federal Internal Revenue Code of 1954 * * *."

In recognition of this policy, the defendant's administrative rule states that: "The Department of Revenue will consider that an extension of time to file an Oregon return has been granted if the taxpayer has obtained from the Internal Revenue Service an extension of time to file his federal return." (OAR 150-314.385.)

In its desire to make the Oregon income tax identical to provisions of the federal Internal Revenue Code the legislature statutorily mandated that: "Any term used in this chapter has the same meaning as when used in a comparable

context in the laws of the United States relating to federal income taxes, unless a different meaning is *clearly required* or the term is *specifically defined* in this chapter." (Emphasis added.) (ORS 316.012.)

The parties agree that "due date" is not "specifically defined" in chapter 316. IRC § 6511 (1954), dealing with limitations on credit or refund, provides special rules in cases where an extension of time for filing has been granted. According to ORS 316.012 "due date" as used in ORS 316.192 will have the same meaning as when used in a comparable context in the Internal Revenue Code "unless a different meaning is clearly required." The court is not persuaded that a different meaning is clearly required.

■ The stated legislative intent was to make the Oregon personal income tax identical in effect to the federal income tax insofar as possible. No definition of "due date" is found in Oregon Revised Statutes chapter 316. The Internal Revenue Code makes allowance for an extension for filing in reference to a limitation on refunds. The evidence does not support a finding that a different meaning is clearly required in construing ORS 316.192. Therefore, the "due date" in ORS 316.192 is deemed to include extensions of time for filing which have been granted pursuant to IRC § 6501(c)(4) (1954) and adopted by OAR 150-314.385.

The plaintiffs, Mr. and Mrs. Davis, had been granted an extension for filing their 1978 tax return until June 15, 1979. They filed a return with the Department of Revenue, claiming a refund, on May 29, 1981, less than two years after the taxpayers' return was due. ORS 316.192 does not preclude any refund that may be due. This determination controls the companion case, No. 2029, *Sahli v. Dept. of Rev.* Therefore, the defendant is ordered to make refunds to the plaintiffs in accordance with this opinion.